And counsel, as you both know, we've, the court has asked for some focus on two particular issues. So you can argue within your time, but would you be, both sides be prepared to address the issues that the court has? Thank you, Your Honor. And my name is Jim O'Brien. I'm here on behalf of the appellants. I would also reserve a little time to discuss a related issue. Sure. With respect to the law of abusive process, one of the things that came out from the recent court's order is a reference to Hughes, the Hughes v. Lynch case. Since that time, however, in the last two weeks, we commend the court to Amundsen v. Northwestern Energy. It was entered October 13th, and it involved, we think is an analogous case for this court because it involved, among other things, Northwestern Energy's disavowal of a contract right to some retirees. Could you give us the site to that? I'm sorry, Your Honor. It is not yet in the Pacific. It is, can be found at 336 Montana, excuse me, at, I'm sorry, 331 Montana, 2009. And it's available at Westlaw, but I don't have that site with me. Could you spell the first name? Sure. A-M-M-O-N-S-O-N. Okay. And two weeks ago, our court said that when the Northwestern Energy used its efforts to bring in a creditor's, disavowal of a creditor's claim in a bankruptcy proceeding and brought it to try to leverage the employees into giving up rights under their contract, that was abusive process. Amundson discusses the history of abusive process. And we think it's an analogous case today because we're dealing with a scenario in which the LOVIS had a permit, a 20-year permit at issue, and there are duties and obligations associated with the permit. So we think that there's a very analogous common law tort analysis that would indicate if there are the ulterior motives associated with abusive process. But the question, just to clarify, not being familiar with the Amundson decision, one of the questions that comes forward in the Montana case, particularly their reliance on the restatement, is that all of it seems to involve the judicial process. And there isn't any judicial process in the actions that you're complaining, or your client's complaining about. It's an administrative letter and suspension and the like. So does Montana law recognize abusive process outside invocation? I believe absolutely, Your Honor. And you and this Court has given us Hughes v. Lynch. And if you'll recall, Hughes v. Lynch involved a proceeding before the Human Rights Bureau, which is an administrative process and not a court process. So it isn't limited as far as we are concerned. I would commend the Court then to the discussions beginning at paragraph 58 of the Amundson position and taking you through. But ultimately, in terms of the record below, we have obviously significant at the docket entry, significant issues on ulterior motive. We have a collateral, the collateral effort. There's a leveraging aspect to abusive process. And the leveraging we maintain is within the record for this Court to review is the cease and desist order. The leveraging later that appears, the clandestine telephone conversations between the fire marshal and forest employees, forest ranger employees. And finally, the fact that there was an unnegotiated proposal on the permit that required the lovices to interlineate and change again that process. With respect to the inquiry the Court had with Title 16 U.S.C. 559, we also commend the Court to Title 16 U.S.C. 551. And the reason why we do that is to answer the question on the issue of law enforcement. Under that statute, the Forest Service is required to protect the national forests in assuming that authority, the Court will find that the chief of the Forest Service delegates to supervisors, delegates his power to supervisors and district rangers within the national forests. Along with that delegation of power is the enforcement of certain criminal behaviors or violations of the regulations, which can in turn result in criminal behaviors. So it seems to be fairly succinct that forest rangers charged with enforcing the regulations are in fact law enforcement officers. I could not find an immediate or a direct precedential authority with respect to a declaration that forest rangers are law enforcement officers, but I do cite to U.S. versus True, 946 Fed Second, 682, in which a forest ranger directly arrested protesters who had violated a closed order. Now, it had to do with issues of First Amendment and protesting, but the point of it is there was a specific reference to the forest ranger making an arrest and taking protesters into his custody. With that regard, considering the title or considering the purposes of the Forest Service in protecting our nation or our national forests and considering that they are given the authority to enforce those with criminal penalties, we take the position that, yes, in fact, Ranger Olson and Supervisor Ramsey were law enforcement officers within the context of the exception. Let me ask you a few questions, if I may. Certainly. So this started out as a pro se complaint, correct? It did. And then you stepped in and filed an amended complaint. I did. And then the district court ultimately granted summary judgment on all of this. It granted a motion to dismiss. To dismiss. And I would point out that no discovery was allowed. Okay. So what, in the end, what claims do you think are you asking this to allow to go forward? The abusive process, the one that interested the Court. I also think an analysis of malicious prosecution relative to that cease and desist order. There's a claim for malicious prosecution? No, there isn't. I think it could be. Not specifically. Well, what claims in the complaint are you asking us to allow to go forward? The abusive process claim. All right. Anything else? No. If this Court were not to hold, and I interpreted the question to mean are Officers Ramsey and Olson, were they law enforcement officers as a matter of law, one of the other aspects is there may be a determination that the Court is not yet prepared to issue as a matter of law on that question. We think remand is appropriate, and I will explain why. If you look at docket entry number 5 within the record, you'll see that the United States came in and substituted under the Westfall Act itself for Ranger Olson and Supervisor Ramsey. You'll also see within that paperwork that prior to my entry, the LOVIS is objected to that. We think under the Supreme Court ruling in Osborne v. Haley at 549 U.S. 225, 2007, that was sufficient enough to invoke an evidentiary hearing that is required under Osborne. And for that reason, in case this Court is not prepared to proceed as a matter of law to declare Ranger Olson and Supervisor Ramsey as attorneys or, I mean, as law enforcement officers, I think that the Court would have to make a determination  And I don't think that there is a provision that would have entitled them to determine that, and I think an evidentiary hearing would solve that. Robertson, Well, are you suggesting that they weren't acting in their capacities as forestry? No. I'm just providing this additional argument that in the event that the Court reviews all of the arguments in the brief, that they cannot make a determination as a matter of law. It could yet be remanded to determine those facts. I'll save the rest of your time for rebuttal. May it please the Court. My name is Tim Cavin. I'm an assistant U.S. attorney from Billings, Montana, and I represent the United States in this case. Don't forest rangers prosecute cases in the central violation? They call it the CVB, Central Violations Bureau. Well. They issue tickets to pole fishing, all sorts of things. Your Honor, I have to confess I'm not a prosecutor, so I don't know that for sure. I assume that they do. I think that they can probably write tickets for violations of Federal regulations. Whether or not that pacifies them as a Federal law enforcement officer within the meaning of the law enforcement proviso, I think, is another issue. According to the statute, they can make arrests, right? That I don't know, Your Honor. The idea of our sending the order out was to have the government inform us about this. It's a statute which says all persons employed by the Forest Service shall have authority to make arrests. That means people behind the counters, if it's read literally, people who work in the gift shop, if they're employed by the ñ that can't probably be true. That may be one part of the equation, Your Honor. The other part of the issue, however, is whether or not they're acting as Forest Service officers at the time of the conduct that's alleged in the complaint or at the time of the claim. And in this case, I don't think that they were. The record, however, Your Honor, is silent on that issue. I would point out that Lovis presented absolutely nothing in the district court to establish whether or not these folks were law enforcement officer. They didn't allege that they were law enforcement officers or that the law enforcement officer proviso applied. They didn't even allege the application of that proviso in district court. Well, they alleged that he was a ranger, right? Well, they alleged that he was a ranger. But the first timeó If the statute applies, you know, as a matter of law, he'd be a law enforcement officer. That could be true, Your Honor. I'm just trying to point out that this was never raised in district court and was never an issue in district court. It was never raised by the government either, was it? Well, it wasn't, Your Honor. And it's not our burden to establish jurisdiction in the district court. It's the plaintiff's burden to establish jurisdiction. And that they didn't do. They didn't rely upon that for jurisdiction. They didn't raise it. The first time they ever mentioned in passing an abusive process over the law enforcement proviso was in their brief on appeal. Now, he argues that there was, under the substitution, objection to the substitution of the government for the individuals, that they objected to that. And are you suggesting that that didn't raise the issue of law enforcement status? Well, I think the substitution, Your Honor, was not as far as law enforcement status. The substitution was that they were acting within the course and scope of their employment at the time of the conduct. Whether or not they objected to that, again, that's another issue that they never raised on appeal that hasn't been argued until we've convened here today, actually. But, Your Honor, that's the law enforcement exception. But getting back to the tort itself, abusive process requires a couple of different things. It requires use of process other than that for which the process is intended. And it also requires some type of an ulterior motive or a purpose to obtain some collateral advantage. In other words, it has to be used as an attempt to coerce an individual into doing something that they otherwise wouldn't be required to do. Is there a theory that because the ranger didn't like the client, because she was a woman, that they had adverse information placed in there, they had incompetent people doing the investigation, so it delayed the issuance of her permit? And the process is the administrative process to issue the permit. That's the allegation, yes, Your Honor. But there is no allegation that by doing so they were attempting to compel her to do something she otherwise wouldn't be required to do. Well, but isn't the abusive process misusing the process for a discriminatory purpose? No. I would disagree with that, Your Honor. In fact, the case that was cited by the Court in its order last Friday says that there is no liability for abusive process when the defendant has done nothing more than carry out process to its unauthorized or to its authorized conclusion even though with bad intentions. So if we have a situation here, even if they had bad intentions, even if they had some personal animus to this lobus, if they were just using the process, and I'll talk about the process in a minute, but if they were just using this as a mechanism for some form of retaliation, had bad intentions in using it, that's not enough. They have to actually use it to compel her to do something she wouldn't ordinarily be authorized to do. As to the first requirement, though, Judge Fischer mentioned whether or not this case or this claim hinges on any form of process. And the ---- Judicial process. Excuse me? Judicial process, I thought is what ---- Judicial process. Correct, Your Honor. Counsel mentioned that the Hughes case was a case that arose out of an administrative proceeding, and therefore that establishes that it can arise outside of a judicial proceeding. But, of course, in the Hughes case, they found that there wasn't any type of a process that they could rely upon. They found that by filing a complaint in an administrative proceeding, that was enough. That was not enough. Excuse me. And they listed the types of process that can be issued that would fall within the claim. Now, in this case, there is in the complaint a couple of passing references to a cease and desist order, but the crux of the complaint is clearly that the Forest Service withheld the issuance of this permit. It's not that they issued some process to compel her to do something. It's that they withheld the authority to carry on some activity. But more importantly, it clearly doesn't satisfy the second requirement. The complaint alleges that they withheld the issuance of the permit because she was female for retaliation to interfere with their business. It doesn't allege that they tried to get her to do something she wasn't required to do. It was not issued as a form of coercion. No allegation of a form of coercion or a form of extortion. It just doesn't fall within the confines of that particular tort. I would also question where the tort itself is even raised in the complaint. In Lovis's brief on appeal here, they allege that count three of the complaint actually pled a claim for negligent infliction of emotional distress. Later in the same brief, they allege that the district court obviously erred in dismissing the complaint because it alleged a tort of interference with business relations. Now we have a claim for abusive process after the court's order was issued on Friday. So we clearly have a moving target here of what is exactly alleged in this complaint. In their preliminary pretrial statement, they represented that this was a complaint based on gender discrimination and based upon retaliation. That's how they characterized their complaint. And it's been ever-evolving since to today. And I just do not believe that they've sufficiently alleged the claim in their pleadings. I am also prepared, Your Honor, Your Honors, to discuss all the other arguments in the case as far as the waivers of sovereign immunity for the claims they actually did raise. We have the case in mind based on the briefing. Thank you, Your Honor. Our questions indicated where we had some issues. Thank you. Thank you. May it please the Court. I'd like to address the ulterior motive issue that was raised. What about the waiver issue, that you didn't really plead this? We take the position that notice pleadings work and that, Your Honor, of course, this was an evolving, it was a pro se complaint. It evolved with preliminary. And we asked the Court to recognize preliminary statement. Specifically, in terms of compelling some action, I think that if you review the record with respect to the affidavit at docket 27, you'll find at pages, item 5, pages 2 through 7, there is a very detailed explanation of the history and the injuries that the plaintiffs suffered, including the cease and desist order. And again, when Cease and desist order, that was not a court order. Excuse me? Cease and desist order was an administrative That's correct. What was it? Is that what it was called? It was called a cease and desist order. Cease and desist. It's not in the excerpts of record, so Yes. That shut down the operation. It's not in the excerpts of record filed with us, so we weren't able to find it. I'm sorry. I did not realize that that didn't come up to you. At any rate Well, you're the one that creates the excerpts of record. I realize that now, Your Honor. I just didn't realize it. You know, this allegation about the cease and desist order in your complaint, and I know these are just labels and they don't really mean a lot, but it falls under retaliation. I would say it was inartfully drafted, Your Honor. Well, now aren't you the author of this? I am. It was inartfully drafted. But it doesn't just because there is no common law toward us to retaliation. My view would be that the Court would look to the actual pleading allegations themselves. Okay. We have your argument. Thank you. The case is argued and submitted. We appreciate the arguments, and we will stand in adjournment for today or recess, whatever it's appropriately called. Thank you.
judges: Moskowitz, Fisher, Paez